HA43LEOS                          Sentence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                              16 CR 212 (LAK)

WAYNE LEON,

                Defendant.

------------------------------x

                                           New York, N.Y.
                                           October 4, 2017
                                           4:00 p.m.

Before:

                    HON. LEWIS A. KAPLAN,

                                       District Judge

                         APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
RACHEL MAIMIN
     Assistant United States Attorney

JESSE M. SIEGEL
     Attorney for Defendant

1      THE DEPUTY CLERK:  United States v. Wayne Leon.
2  Government, are you ready?
3      MS. MAIMIN:  Good afternoon, your Honor.  Rachel
4  Maimin for the government.
5      THE COURT:  Ms. Maimin.
6      THE DEPUTY CLERK:  Defendant, are you ready?
7      MR. SIEGEL:  Yes, we are.  Good afternoon, Judge.
8  Jesse Siegel for Mr. Leon.
9      THE COURT:  Good afternoon.
10     Mr. Siegel, have you and your client both had the
11 presentence report for the necessary period?
12     MR. SIEGEL:  Yes, Judge.
13     THE COURT:  Mr. Leon, have you read the presentence
14 report and have you discussed it fully with Mr. Siegel?
15     THE DEFENDANT:  Yes, your Honor.
16     THE COURT:  You can sit down.  Thank you.
17     Any unresolved objections to the presentence report?
18     MR. SIEGEL:  No, Judge.
19     MS. MAIMIN:  No, your Honor.
20     THE COURT:  I adopt the presentence report and the
21 guideline computation and range that it contains.
22     I have received in relation to the sentencing, apart
23 from the presentence report which of course I have, a letter
24 from Mr. Siegel dated June 30, with attachments.  Is there
25 anything else of which I should be aware?

1            MS. MAIMIN:  No, not from the government.

2            MR. SIEGEL:  No, Judge.

3            THE COURT:  Okay.  Then I'll hear from Mr. Siegel in
4    just a moment.  Unless I am talked out of it in the next few
5    minutes, Mr. Siegel, I intend to do just what probation has
6    recommended.  But, obviously I'll hear anything you'd like to
7    say.

8            MR. SIEGEL:  Thank you, Judge.  As to the sentence,
9    the principal part of the sentence I have nothing to add to
10   what's in my letter.  I did note that probation had recommended
11   200 hours of community service, and I was hoping the Court
12   would not impose that, because Mr. Leon is working and he's in
13   a situation where essentially every week his hours change
14   because he's a part-time employee at Costco, who has been
15   receiving full-time hours but they vary.  And so he needs kind
16   of the flexibility to be able to accept those hours.  And so
17   having the obligation to perform the community service could
18   interfere with that.  He is hoping to become full-time.  He has
19   successfully completed his probationary period.

20           THE COURT:  Is there any reason, Ms. Maimin, why I
21   couldn't require community service of not less than X nor more
22   than Y in the discretion of the probation officer?

23           MS. MAIMIN:  No.  In fact, I was going to suggest
24   something along those lines.

25           THE COURT:  It's nice to know we're thinking along the

1  same lines.  Why shouldn't I do that, Mr. Siegel?  This is over
2  a three-year period.
3              MR. SIEGEL:  I understand.  I guess I don't have any
4  objection.  If perhaps the Court could provide some instruction
5  to probation on what you think would be the appropriate things
6  for them to think about in exercising their discretion.
7              THE COURT:  I will do that.  I will do that.  Okay.
8              Mr. Leon, you have the right to speak before you're
9  sentenced.  Is there anything you'd like to say?
10             THE DEFENDANT:  Yes, your Honor.  I would like to say
11 I apologize to the government, and also to the Court, and most
12 importantly my family and my loved ones for what I did.  I know
13 drugs is not good for the community, it's harmful, and I
14 apologize for being in this situation and I never want to be in
15 this situation again.
16             THE COURT:  Thank you.  Ms. Maimin, anything to add?
17             MS. MAIMIN:  No, not from the government.
18             THE COURT:  Okay.  Mr. Leon, please rise for the
19 imposition of sentence.
20             It is the judgment of this Court that you be committed
21 to the custody of the Attorney General of the United States or
22 his designee for a term of imprisonment of time served; that
23 you thereafter serve a term of supervised release of three
24 years; and that you pay the mandatory special assessment of
25 $100.

    The term of supervised release will be subject to the mandatory and the standard conditions of supervision one through 13, in addition to the following two special conditions:

    First, you shall perform not less than 50 nor more than 200 hours of community service as determined and directed by the probation officer who, in fixing the amount and the timing of your community service, is directed to take into account interfering with your employment to the minimal degree possible, if there should be any conflicts.

    Secondly, you shall submit your person, residence, place of business, vehicle, and any property or electronic devices under your control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of your supervised release may be found.  The search must be conducted at a reasonable time and in a reasonable manner.  Failure to submit to a search may be grounds for revocation of supervised release.  You must inform any other residents that the premises may be subject to search pursuant to this condition.

    I advise you that to whatever extent you haven't waived the right to do so, you have the right to appeal from the judgment imposing this sentence.  If you wish to appeal, you must file a written notice of appeal not more than 14 days after the date on which judgment is entered, which will

probably be tomorrow.

If you wish to appeal and you can't afford to pay the fees to do so, you can apply for permission to appeal as a poor person. And if such an application were made and granted, you would be permitted to appeal without payment of the fees. And if you couldn't afford a lawyer, a lawyer would be appointed for you at government expense.

Now, this is a variance beneath the sentencing guidelines. I have varied downward because I am impressed that Mr. Leon, although he made a very bad mistake getting involved in the marijuana business as he did, was a, on the whole, pretty low-level person in this broad scheme of racketeering that's alleged. There is every indication that he is fundamentally a hardworking guy with a supportive family. I credit Mr. Leon's telling me that he will not get involved in anything like this again.

You have brought, I imagine, quite a bit of havoc to your own life and the lives of everybody who cares about you. And this, I am sure, has been even less of a picnic for them than it has been for you. And I simply accept, because you impress me that way, that if there is any way for you to avoid putting them through this again, you will. And so, any sentence more onerous than what I've imposed, in my judgment, would be greater than is necessary to effectuate the purposes of the Sentencing Reform Act, and I decline to impose anything

1   more onerous.
2          You may be seated.
3          Is there anything else, folks?
4          MS. MAIMIN:  We respectfully move to dismiss all open
5   counts.
6          THE COURT:  Motion granted.  Thank you.  Take care.
7          (Adjourned)